UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| GARY E. BOLTON, SR., | No. 15-cv-4517 LB |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | [Re: ECF No. 1] |
| ASIAN SHERIFF OFFICER; MEDICAL DEPARTMENT MARTINEZ HOSPITAL, | |
| Defendants. | |

## INTRODUCTION

Gary E. Bolton, currently in custody at Napa State Hospital, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. Mr. Bolton has consented to proceed before a magistrate judge. (ECF No. 6.)[1] His complaint is now before the court for review under 28 U.S.C. § 1915A. This order dismisses the complaint, and requires Mr. Bolton to file an amended complaint.

## STATEMENT

The rather confused complaint alleges the following: An "Asian sheriff officer" stopped Mr. Bolton on San Pablo Dam Road, searched him, took his property and put him in the patrol car. (ECF No. 1 at 3.) Mr. Bolton eventually came to be placed in a "medic van," and "jumped out" of it while

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

15-cv-4517 LB
ORDER

it was on the freeway near Hercules. *(Id.)* "A warrent was never put out because they tryed to kill me and also shot darts at me on the freeway. I was then stoped in Vallejo that same night and sent to a crazy house in Fairfield to cover up there attempted murder." *(Id.* (errors in source).) On some other more recent date, Mr. Bolton called 911 to get his case number but was unable to obtain records from the police. (*See id.*) He also called 911 about "profit shares" "because someone was killed over them, they had 4 numbers after every count of 10." (*Id.* at 2.)

Mr. Bolton has sent several letters to the court since filing the complaint. Generally, the letters do more to confuse than to clarify the claims, and several of them contain apparently delusional statements. (*See, e.g.,* ECF No. 9 (the persons who said Mr. Bolton now has HIV must have given it to him because the last time he was tested, he did not have HIV); ECF No. 11 (medic in van was trying to poison him, he was being followed, his uncle is trying to have him killed, and the Legal Aid person who returned a call to his sister was "talking crazy" so his sister is now too scared to help him); ECF No. 12 (his hospitalization is a set-up because he was logged in to the state hospital system before he arrived).)

The letters do, however, provide some information to aid one's understanding of the complaint: the incident mentioned in the complaint occurred in March or April of 2015 (ECF No. 3); the name of the defendant listed as "Asian Sheriff Officer" is "officer Blanch," although the employing police department or sheriff's department is not identified (ECF No. 8 at 1); the officer showed up on San Pablo Dam Road because Mr. Bolton called 911 to report that he wanted to meet with the police to make a report about a stolen bag (ECF No. 11 at 1); and Mr. Bolton jumped out of the medic van because a medic poked him in the arm with a needle that Mr. Bolton thought contained poison (ECF No. 10 at 3). Mr. Bolton also states that he was sent to the Martinez hospital on a "5150" by officer Blanch. (ECF Nos. 8 and 9.) (California Welfare and Institutions Code § 5150(a) allows peace officers and certain other persons to take a person into custody for up to 72 hours for assessment, evaluation, and crisis intervention if the person, "as a result of a mental health disorder, is a danger to others, or to himself or herself, or gravely disabled.")

Mr. Bolton apparently is a pretrial detainee, temporarily at Napa State Hospital. *See* ECF No. 3 (mentioning actions of officers at Martinez Jail, and noting that he is facing a "three strikes" case).

**ANALYSIS**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See id*. at § 1915A(b).

The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted).  Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The civil rights complaint does not allege facts showing the violation of any of Mr. Bolton's rights under the Constitution or laws of the United States.  The facts alleged suggest he wants to complain about his seizure, but not every seizure violates a person's constitutional rights and the complaint does not explain what occurred that caused a violation of Mr. Bolton's Fourth Amendment rights. The Fourth Amendment proscribes "unreasonable searches and seizures." U.S. Const. amend. IV; *Franklin v. Foxworth*, 31 F.3d 873, 875 (9th Cir. 1994).  "'A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was

without probable cause or other justification.'" *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (citation omitted).  For an arrest, probable cause exists if "'there is a fair probability or substantial chance of criminal activity,'" a determination that is made based on the totality of the circumstances then known to the arresting officer.  *Id.* (citation omitted).  If the claim is for an unlawful detention under California Welfare and Institutions Code § 5150, the absence of probable cause also would be required to state a claim.  *See Bias v. Moynihan*, 508 F.3d 1212, 1220 (9th Cir. 2007).  "Probable cause exists under section 5150 if facts are known to the officer 'that would lead a person of ordinary care and prudence to believe, or to entertain a strong suspicion, that the person detained is mentally disordered and is a danger to himself or herself,'" or others or is gravely disabled.  *Id.* (quoting *People v. Triplett*, 144 Cal. App. 3d 283, 287-88 (Cal. Ct. App. 1983)).

   Mr. Bolton also does not allege enough to show a constitutional violation with regard to the "profit shares" or whatever other property he contends was taken.  He needs to explain what "profit shares" are because, in the context alleged in the complaint, the term is unfamiliar to the court.  Also, he needs to be clear as to whether he is alleging that officer Blanch took or stole the "profit shares" because one of his letters suggests that he called the police to turn in the "profit shares" voluntarily or in connection with some sort of delusion.  (*See* ECF No. 8 at 1 ("I turned in the profit share to the police because there were 4 digits after every 10 count I think someone died over them because someone also tried to kill me.")  In a § 1983 action challenging the seizure of property for investigatory purposes, the seizure must comply with both the Fourth Amendment and procedural due process.  *See Sanders v. City of San Diego*, 93 F.3d 1423, 1428 (9th Cir. 1996).  In most cases, a seizure that complies with the Fourth Amendment will also comply with procedural due process. *See id.* at 1428-29.  In his amended complaint, Mr. Bolton also should allege whether he made requests to officer Blanch or the police department or sheriff's department for a return of the "profit shares" or whatever other property was taken, and whether the items were returned.  The allegations of his complaint and statements in his letters indicate that he escaped before the officer had an opportunity to return the "profit shares" or other property that may have been taken from Mr. Bolton.       If Mr. Bolton wants to assert a claim that he was unlawfully seized, or that his property was unlawfully seized, he must file an amended complaint that alleges such claims and

contains the necessary allegations, including the absence of probable cause. Mr. Bolton also needs to provide the name of the police department or the sheriff's department that employed officer Branch; without that information, officer Branch could not be found if service of process is ever required.

Mr. Bolton lists the "Medical Department Martinez Hospital" as a defendant but the complaint contains no allegations against such a defendant. If Mr. Bolton wishes to pursue a claim against this defendant he must allege what the defendant did or failed to do that caused a violation of his constitutional rights. Mr. Bolton also should be careful to identify the "Martinez Hospital" by its correct and complete name, because there may be more than one hospital in Martinez, California. If his claim is that a hospital employee did something wrong, he should name the individual employee as a defendant rather than the hospital. "Liability under section 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).

Mr. Bolton will be permitted to file an amended complaint. In his amended complaint, Mr. Bolton must cure the deficiencies discussed above and allege facts showing what each defendant did that amounted to a violation of his rights under the Constitution or laws of the United States. Mr. Bolton must link each proposed defendant to his claim by explaining what each defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer*, 844 F.2d at 634.

Mr. Bolton is urged to concentrate his efforts on writing a coherent amended complaint, rather than sending so many letters to the court that contain bits and pieces of information. Mr. Bolton has sent numerous letter to the court; some of which have several case numbers on them and some of which have no case numbers on them. Generally, a letter (other than a change of address notice)

will apply to only one case, and should have that only that case's case number (and no other case number) on it. Mr. Bolton must the appropriate case number on each document he sends to the court.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed and the complaint is **DISMISSED WITH LEAVE TO AMEND**. The amended complaint must be filed no later than **January 5, 2016**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Mr. Bolton is cautioned that his amended complaint will supersede existing pleadings and must be a complete statement of his claims, except that he does not need to plead again any claim the court has dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file the amended complaint by the deadline will result in the dismissal of the action for failure to state a claim.

**IT IS SO ORDERED.**

Dated: December 8, 2015

LAUREL BEELER
United States Magistrate Judge