UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| GARY E. BOLTON, SR., | No. 15-cv-4517 LB |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | [Re: ECF No. 16] |
| ASIAN SHERIFF OFFICER; MEDICAL DEPARTMENT MARTINEZ HOSPITAL, | |
| Defendants. | |

Gary E. Bolton, a pretrial detainee currently housed at Napa State Hospital, filed this *pro se* civil rights action under 42 U.S.C. § 1983.  Mr. Bolton has consented to proceed before a magistrate judge.  (ECF No. 6.)[1]  Pursuant to 28 U.S.C. § 1915A, the court reviewed his rather confused complaint and determined that it was deficient in that the complaint (a) failed to allege facts showing a violation of his rights under the Constitution or laws of the United States in connection with his seizure by a Sheriff's deputy, (b) failed to allege enough facts to show a constitutional violation in connection with property allegedly taken, and (c) failed to allege any claim against the defendant listed as "Medical Department Martinez Hospital."  (ECF No. 13.)  The court dismissed the

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

15-cv-4517 LB
ORDER

complaint with leave for Mr. Bolton to file an amended complaint, curing the several deficiencies identified in the order of dismissal with leave to amend. (*Id*. at 6.) Mr. Bolton then filed an amended complaint, which is now before the court for review.

The amended complaint failed to cure the deficiencies identified in the order of dismissal with leave to amend. First, with regard to his seizure, Mr. Bolton repeated the same story (*see* ECF No. 16 at 5), but did not allege facts plausibly suggesting the violation of his rights under the Constitution or laws of the United States. As the court earlier explained, not every seizure violates a person's constitutional rights; like the original complaint, the amended complaint did not state a claim for a violation of Mr. Bolton's Fourth Amendment rights. Second, the amended complaint did not repeat the allegations regarding the taking of his property, let alone provide enough factual detail to plausibly suggest a constitutional violation in connection therewith. Third, the amended complaint failed to state a claim for relief concerning Mr. Bolton's visit to the Martinez County Hospital because he did not identify any individual hospital employee who had violated any of his rights and there is no respondeat superior liability under § 1983, as explained in the order of dismissal with leave to amend. (*See* ECF No. 13 at 5.)

Mr. Bolton attempted to add a new claim in his amended complaint, i.e., that Tony Andre Miller sent his wife to try to have Mr. Bolton killed. (ECF No. 16 at 3.) Mr. Miller is not a defendant in this action, and leave to amend will not be granted for Mr. Bolton to file a second amended complaint to plead this claim against Mr. Miller because it would be futile. The allegation that Mr. Miller is trying to have Mr. Bolton killed is a portion of the same implausible or delusional story presented in another action filed by Mr. Bolton that was recently dismissed, *Bolton v. Miller*, No. 15-cv-3505 LB.[2] If Mr. Bolton were to further amend to add Mr. Miller as a defendant and allege a claim that Mr. Miller is trying to have him killed, that claim would be subject to dismissal as

---

[2] In Case No. 15-cv-3505 LB, Mr. Bolton alleged a more elaborate story of the efforts of his uncle, Mr. Miller, to have him killed for insurance proceeds and to take Mr. Bolton's body parts. As the court observed in dismissing the complaint with leave to amend, the allegations against Mr. Miller were somewhere on the spectrum between implausible and delusional. (*See* ECF No. 8 at 3-4 in *Bolton v. Miller*, No. 15-cv-3505 LB) Mr. Bolton thereafter did not file an amended complaint, and Case No. 15-cv-3505 LB was dismissed on December 15, 2015.

15-cv-4517 LB
ORDER                                            2

malicious and frivolous because it would be duplicative of the claim alleged in Case No. 15-cv-3505 LB. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious); *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975) (dismissal of complaint as frivolous was not an abuse of discretion where plaintiff had filed other similar complaints). There is no reason for Mr. Bolton to further amend to allege a duplicative claim that would be subject to dismissal.

For the foregoing reasons, this action is DISMISSED for failure to state a claim upon which relief may be granted. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 19, 2016

_____
LAUREL BEELER
United States Magistrate Judge